IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGHORN HD LLC., <br><br> Plaintiff, <br><br> v. <br><br> LANNER ELECTRONICS INC. <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Longhorn HD LLC. ("LHD" or "Plaintiff") for its Complaint against Defendant Lanner Electronics Inc. ("Lanner" or "Defendant") alleges as follows:

## THE PARTIES

1. LHD is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 203 East Travis Street, Marshall, Texas 75670

2. Upon information and belief, Defendant Lanner is a corporation organized and existing under the laws of the Taiwan, with its principal place of business located at 7/F, 173 Datong Road Section 2, Xizhi District, New Taipei City 22184, Taiwan, and may be served pursuant to the provisions of the Hague Convention.  Lanner is a leading manufacturer and seller of computers and server equipment in the world and in the United States.  Upon information and belief, Lanner does business in Texas and in this Judicial District, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Lanner is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On October 11, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,954,790 (the "'790 Patent") entitled "Network-Based Mobile Workgroup System." A true and correct copy of the '790 Patent is available at http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=6954790.

8. On August 21, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,260,846 (the "'846 Patent") entitled "Intrusion Detection System."

A true and correct copy of the '846 Patent is available at http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7260846.

9. On June 15, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,739,401 (the "'401 Patent") entitled "Restricting Communication of Selected Processes to a Set of Specific Network Addresses." A true and correct copy of the '401 Patent is available at http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7,739,401.

10. LHD is the sole and exclusive owner of all right, title, and interest in the '790 Patent, the '846 Patent, and the '401 Patent, (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. LHD also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

11. The Patents-in-Suit generally cover systems and methods for computer and network security.

12. The '790 Patent generally relates to technology for mobile workgroups' VPN and firewall systems. The technology further implements these mappings as the basis for secure gateways. The technology described in the '790 Patent was developed by Jan Forslöw at Interactive People Unplugged AB. By way of example, this technology is implemented today in VPNs that allow for mobile participation, further implementing network firewalls and gateways that allow for the VPNs to share resources with mobile devices.

13. The '846 Patent generally relates to technology for intrusion detection systems. The technology described in the '846 Patent was developed by Christopher Day at Steelcloud, Inc.

By way of example, this technology is implemented today in intrusion detection systems ("IDS") and intrusion prevention systems ("IPS") that utilize machine-learning techniques to detect and prevent intrusions.

14. The '401 Patent generally relates to technology that solves problems endemic to the computer server and networking fields. More specifically, the inventions disclosed in the '401 Patent provide advancements in the field of computer server virtualization, resource sharing, and security through the use of methods for restricting network address-based communication. The technology described in the '401 Patent was developed by Pawan Goyal at Digital Asset Enterprises LLC. By way of example, this technology is implemented today in gateway and firewall devices to allow or disallow resources for computer processes on ports so as to provide advancements in computer security and resource management.

15. Lanner has infringed and is continuing to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that include security gateways, routers, control system security appliance, clouds, and components and software that provide firewall, VPN, IPSec, IDS/IPS, and selective network address-based communication, mobile security, and threat protection functionality that infringes the Patents-in-Suit ("Accused Products") including, but not limited to, the Lanner Rackmount Network Appliances, including but not limited to the NCA, FX, and FW series appliances, Lanner Desktop Network Appliance, including but not limited to the NCI, NCA, LEC, and FW series appliances, Lanner White Box Hardware solutions, including but not limited to the NCA and Luna series appliances, Lanner Network Processing Appliances, including but not limited to the MR series appliances.

## COUNT I
### (Infringement of the '790 Patent)

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '790 Patent.

18. Defendant has and continues to directly infringe the '790 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '790 Patent. Such products include gateway units which provide a mobile user workgroup.

19. For example, Defendant has and continues to directly infringe at least claim 1 of the '790 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include gateway devices that provide mobile user workgroups. The infringing systems include a network-based mobile workgroup system comprising a plurality of mobile client nodes, each mobile client node providing an interface for user interaction by a mobile user.

20. For example, the Accused Products include the NCR-1510, which upon information and belief, includes a network-based mobile workgroup system comprising a plurality of mobile client nodes, each mobile client node providing an interface for user interaction by a mobile user: [1]

---

[1] http://www.lannerinc.com/applications/sd-wan/wide-temperature-sd-wan-ucpe-enables-outdoor-mobile-broadband-deployment.



## Lanner Solution

In this joint development, Lanner presented NCR-1510, a wide temperature uCPE/SD-WAN appliance to run the optimized and virtualized mobile broadband VNF (virtualized network function) and software-defined WAN in outdoor environment.

Powered by Intel® Atom™ C3000 processor (Intel® Atom™ C), Lanner's NCR-1510 offers comprehensive security for WAN infrastructure. For example, NCR-1510 comes with new secure instruction set (AES-NI) and Intel® QuickAssist Technology (Intel® QAT) with performance boost to handle high throughput encryption up to 10Gbps.

NCR-1510 is Lanner's flagship micro server with wide operating temperature to be deployed as outdoor SD-WAN uCPE gateway. NCR-1510 can remain normally functional in the defined temperature range between -40°C to +70°C. To further secure the outdoor operation, NCR-1510 can be installed with electronic equipment enclosure to protect it from inclement weather.

## Featured Product

### NCR-1510

Wide Temperature Network Appliance Powered by Intel® Atom® C3000 (Denverton)

| CPU | Intel® Atom® C3308/C3508/C3708 (Denverton) |
|---|---|
| Chipset | SoC |



Read more

6

21. The Accused Products include a plurality of mobile service router nodes, each mobile service router node providing a mobile Virtual Private Network (VPN) to the mobile client nodes spanning multiple router hops and sites, for example, a Lanner Gateway or Firewall unit in connection with access points. The Accused Products further include a network address identifier (NAI) with which a user of a mobile client is uniquely identified to the mobile VPN system, for example, a device Media Access Control ("MAC") address.

22. Additionally, the Accused Products include a set of firewall filters and route policies with which the workgroup is protected, such as, for example, firewalls and rules enforced by the Lanner Gateway or Firewall units. Additionally, the mobile VPN provides each mobile client secure data access to the VPN and provides secure data access to each mobile client from within the mobile VPN, wherein a point of attachment of any mobile client node to the mobile VPN may change without affecting that mobile client node's participation in the mobile VPN.

23. Defendant has and continues to indirectly infringe one or more claims of the '790 Patent by knowingly and intentionally inducing others, including Lanner customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as Lanner client for mobile devices.

24. Defendant, with knowledge that these products, or the use thereof, infringe the '790 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '790 Patent by providing these products to end users for use in an infringing manner.

25. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability

7

that others, including end users, infringe the '790 Patent, but while remaining willfully blind to the infringement.

26. LHD has suffered damages as a result of Defendant's direct and indirect infringement of the '790 Patent in an amount to be proved at trial.

27. LHD has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '790 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
**(Infringement of the '846 Patent)**

28. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

29. LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '846 Patent.

30. Defendant has and continues to directly infringe the '846 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '846 Patent.  Such products include intrusion detection systems and intrusion prevention systems including Lanner IDP, IPS, and NGFW products, such as the FW-8896, FW-7526, NCA1031, and NCA1210 products:[2]

---

[2] https://www.lanner-america.com/solutions/network-computing/unified-threat-management-utm/.



31.     For example, Defendant has and continues to directly infringe at least claim 7 of the '846 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include IDS and/or IPS systems that practice the claimed method alone, or in combination with other Lanner products or services.

32.     The Accused Products are systems that perform an intrusion detection method comprising the steps of monitoring network traffic passing across a network communications path. For example, the Lanner FW-8896 product monitors network traffic:[3]

---

[3] http://www.lannerinc.com/applications/network-computing/mitigating-sophisticated-cyber-threats-with-modularized-next-generation-firewall



33. Additionally, upon information and belief, the Lanner IDS, IPS, and NGFW devices, such as the FW-8896, FW-7526, NCA1031, and NCA1210 products, performs network traffic parsing on the accused products:

34. Additionally, upon information and belief, the Accused Products, such as the Lanner IDS, IPS, and NGFW devices, such as the FW-8896, FW-7526, NCA1031, and NCA1210 products, store individual components of said network packets in a database and construct multi-dimensional vectors from at least two of said stored individual components and applying at least one multi-variate analysis to said constructed multi-dimensional vectors, said at least one multi-variate analysis producing a corresponding output set. For example, upon information and belief,

machine learning techniques are applied to captured packets. Additionally, upon information and belief, the Accused Products establish a correlation between individual output sets based upon a selected metric to identify anomalous behavior:

35. Upon information and belief, the Accused Products classify the anomalous behavior as an event selected from the group consisting of a network fault, a change in network performance, and a network attack.

36. Defendant has and continues to indirectly infringe one or more claims of the '846 Patent by knowingly and intentionally inducing others, including Lanner customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as IDS, IPS, and NGFW systems.

37. Defendant, with knowledge that these products, or the use thereof, infringe the '846 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '846 Patent by providing these products to end users for use in an infringing manner.

38. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '846 Patent, but while remaining willfully blind to the infringement.

39. LHD has suffered damages as a result of Defendant's direct and indirect infringement of the '846 Patent in an amount to be proved at trial.

40. LHD has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '846 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
**(Infringement of the '401 Patent)**

41. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

42. LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '401 Patent.

43. Defendant has and continues to directly infringe the '401 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '401 Patent. Such products include utilities, such as the Lanner Gateway and Firewall units that control network traffic by limiting and/or assigning processes and addresses. On information and belief, infringing products include at least the Gateway and Firewall products specified above as Accused Products.

44. For example, Defendant has and continues to directly infringe at least claim 1 of the '401 Patent by making, using, offering to sell, selling, and/or importing into the United States products that perform the method for efficiently managing communication via a set of specific multiple network addresses. The Accused Products associate at least one selected process, such as, for example, HTTP or FTP, with at least one network address, such as, for example, a MAC address. The Accused Products detect when a selected process attempts to communicate via an unassociated address, such as when a process, such as HTTP, is either allowed or disallowed for a specific address. The Accused Products then prevent or allow the communication to proceed.

45. For example, upon information and belief, the Lanner IDS, IPS, and NGFW devices, such as the FW-8896, FW-7526, NCA1031, and NCA1210 products, allows manages communication across a wide range of devices and channels. The Lanner IDS, IPS, and NGFW devices, such as the FW-8896, FW-7526, NCA1031, and NCA1210 products, monitor these channels, applies a policy, and determines whether to prevent or allow a communication to proceed.

46. Defendant has and continues to indirectly infringe one or more claims of the '401 Patent by knowingly and intentionally inducing others, including Lanner customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology and by directing their customers to utilize the Accused Products in an infringing matter through marketing and support materials.

47. Defendant, with knowledge that these products, or the use thereof, infringe the '401 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '401 Patent by providing these products to end users for use in an infringing manner.

48. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '401 Patent, but while remaining willfully blind to the infringement.

49. LHD has suffered damages as a result of Defendant's direct and indirect infringement of the '401 Patent in an amount to be proved at trial.

50. LHD has suffered, and will continue to suffer irreparable harm as a result of Defendant's infringement of the '401 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LHD prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate LHD for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding LHD its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e. Such other and further relief as the Court deems just and proper.


Dated: August 7, 2020

Respectfully submitted,

/s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@fabricantllp.com

        Peter Lambrianakos
        NY Bar No. 2894392
        Email: plambrianakos@fabricantllp.com
        Vincent J. Rubino, III
        NY Bar No. 4557435
        Email: vrubino@fabricantllp.com
        **FABRICANT LLP**
        230 Park Ave, 3rd Fl. W.
        New York, NY 10169
        Telephone: (212) 257-5797
        Facsimile: (212) 257-5796

        John Andrew Rubino
        NY Bar No. 5020797
        Email: jarubino@rubinoip.com
        **RUBINO LAW LLC**
        830 Morris Turnpike
        Short Hills, NJ, 07078
        Telephone: (973) 535-0920
        Facsimile (973) 535-0921

        Justin Kurt Truelove
        Texas Bar No. 24013653
        Email: kurt@truelovelawfirm.com
        **TRUELOVE LAW FIRM, PLLC**
        100 West Houston
        Marshall, Texas 75670
        Telephone: (903) 938-8321
        Facsimile: (903) 215-8510

        **ATTORNEYS FOR PLAINTIFF**
        **LONGHORN HD LLC.**